IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
MAY - 1 2024
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

**BOBBY LUSK,**

    **Plaintiff,**

V.                      **CIVIL ACTION NO. No. 2:23-cv-02148-SHL-atc**
                                 **JURY TRIAL REQUESTED**

**THE CITY OF MEMPHIS, SHELBY COUNTY,
CHRIS SIMMONS, ANTOINE SMITH,
RASHAD ROSS, NIGEL BOND, JERMAINE JAMISON,
GARRETT O'BRIEN, DUSTIN GAULT,
DETECTIVE DUNN, JOHN DOES 5-10, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
CITY OF MEMPHIS LAW ENFORCEMENT OFFICERS,
AND ERIC BUSH, WILLIE ROBERSON,
JULIAN PETTIGREW, ROBERT BRITTON,
JOHN DOES 15-21 INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AS SHELBY
COUNTY CODE ENFORCEMENT OFFICERS,**

    **Defendants.**

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Bobby Lusk, by and through the undersigned counsel, pursuant to the Federal Rules of Civil Procedure, to hereby file this the Second Amended Complaint against the following Defendants, and states unto the Court the following:

### I.    PRELIMINARY STATEMENT

Plaintiff, Bobby Lusk, a black male, is an adult citizen of the United States and of Memphis, Tennessee. He is filing this lawsuit for violation of his rights protected under the U.S. Constitution and asserted under 42 U.S.C. §1983, as amended. In particular,

1

Defendants conspired together to unlawfully deprive Plaintiff of his liberty and property as further explained below. On March 17, 2022, Defendants raided Plaintiff's brother's property in Memphis, unlawfully arrested Plaintiff for no just cause, and unlawfully seized Plaintiff's vehicle, a 2002 GMC Sierra truck, which had been lawfully purchased by Plaintiff through his brother from the City of Memphis. Notwithstanding the fact that Plaintiff had documentation showing that the vehicle in question was lawfully purchased and not stolen by him, Defendants seized him and his property.

As a result, Plaintiff was subjected to loss of liberty and property and has suffered the damages complained of herein. Plaintiff brings this action against Defendants pursuant to 42 U.S.C. §1983, to redress the deprivation, under color of law, of said Plaintiff's rights, privileges and immunities secured by the Constitution of the United States.

Plaintiff seeks a judgment and money damages to redress and remedy the deprivations of his constitutional rights. Plaintiff also seeks an award of attorney fees and costs pursuant to 42 U.S.C. §1988.

## II.    JURISDICTION AND VENUE

1. This action includes compensatory damages to remedy violations of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction of the Court is founded upon 28 U.S.C. §1331 and 1343 (3) and (4), 42 U.S.C. § 1983, and 42 U.S.C. §1988.

3. All acts, errors, omissions, and events complained of herein occurred in Memphis, Shelby County, Tennessee and within the venue of this Court.

4. The acts and omissions described in this Complaint all occurred in Memphis, Shelby County, Tennessee and venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391.

### III. PARTIES

5. Plaintiff Bobby Lusk is resident of the city of Memphis, Tennessee and a citizen of the United States and has been at all times pertinent hereto.

6. Defendant City of Memphis is a municipal corporation organized and existing under the laws of the State of Tennessee and can be served with process through its City Attorney, Jennifer Sink, Esq., at her office located at 125 North Main Street, Ste. 336, Memphis, Tennessee 38103.

7. That Defendant Shelby County is a municipal corporation organized and existing under the laws of the State of Tennessee and can be served with process through its County Attorney, Marlinee Clark Iverson, Esq., at her office located at 160 North Main Street, Ste. 900, Memphis, Tennessee 38103.

8. Defendant Chris Simmons, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Code Enforcement Officer and agent with Shelby County. Upon information and belief, Defendant Simmons can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for service of process. Defendant Simmons is being sued in both his official capacity as a Code Enforcement Officer and agent with Shelby County and in his individual capacity for actions or inactions taken by him individually.

9. Defendant Antoine Smith, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Code Enforcement Officer and agent with

3

Shelby County. Upon information and belief, Defendant Smith can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for service of process. Defendant Smith is being sued in both his official capacity as a Code Enforcement Officer and agent with Shelby County and in his individual capacity for actions or inactions taken by him individually.

10. Defendant Rashad Ross, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Law Enforcement Officer and agent with the City of Memphis police department. Upon information and belief, Defendant Ross can be found at 201 Poplar Avenue, Memphis, Tennessee 38103. Defendant Ross is being sued in both his official capacity as a law enforcement officer of the City of Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

11. Defendant Nigel Bond, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Law Enforcement Officer and agent with the City of Memphis police department. Upon information and belief, Defendant Ross can be found at 201 Poplar Avenue, Memphis, Tennessee 38103. Defendant Bond is being sued in both his official capacity as a law enforcement officer of the City of Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

12. Defendant Jermaine Jamison, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Law Enforcement Officer and agent with the City of Memphis police department. Upon information and belief, Defendant Jamison can be found at 201 Poplar Avenue, Memphis, Tennessee 38103. Defendant Jamison is

being sued in both his official capacity as a law enforcement officer of the City of Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

13. Defendant Garrett O'Brien, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Law Enforcement Officer and agent with the City of Memphis police department. Upon information and belief, Defendant O'Brien can be found at 201 Poplar Avenue, Memphis, Tennessee 38103. Defendant O'Brien is being sued in both his official capacity as a law enforcement officer of the City of Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

14. Defendant Dustin Gault, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Law Enforcement Officer and agent with the City of Memphis police department. Upon information and belief, Defendant Gault can be found at 201 Poplar Avenue, Memphis, Tennessee 38103. Defendant Gault is being sued in both his official capacity as a law enforcement officer of the City of Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

15. Defendant Detective Dunn, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Law Enforcement Officer and agent with the City of Memphis police department. Upon information and belief, Defendant Dunn can be found at 201 Poplar Avenue, Memphis, Tennessee 38103. Defendant Dunn is being sued in both his official capacity as a law enforcement officer of the City of Memphis

Police Department and in his individual capacity for actions or inactions taken by him individually.

16. Defendants John Does 5-10 were at all times relevant employees or agents of the City of Memphis in the capacity of law enforcement officers in the Memphis Police Department's Scorpion Unit. Upon information and belief, Defendants John Does 1-10 can be found at 201 Poplar Avenue, Memphis, Tennessee 38103 for purposes of service of process. Defendant John Does 4-10 are being sued in both their official capacities as law enforcement officers of the City of Memphis Police Department and in their individual capacities for actions or inactions taken by them individually.

17. Defendant Eric Bush, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Code Enforcement Officer and agent with Shelby County. Upon information and belief, Defendant Bush can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for service of process. Defendant Bush is being sued in both his official capacity as a Code Enforcement Officer and agent with Shelby County and in his individual capacity for actions or inactions taken by him individually.

18. Defendant Willie Roberson, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Code Enforcement Officer and agent with Shelby County. Upon information and belief, Defendant Roberson can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for service of process. Defendant Roberson is being sued in both his official capacity as a Code Enforcement Officer and agent with Shelby County and in his individual capacity for actions or inactions taken by him individually.

19.     Defendant Julian Pettigrew, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Code Enforcement Officer and agent with Shelby County. Upon information and belief, Defendant Pettigrew can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for service of process. Defendant Pettigrew is being sued in both his official capacity as a Code Enforcement Officer and agent with Shelby County and in his individual capacity for actions or inactions taken by him individually.

20.     Defendant Robert Britton, upon information and belief, is a resident of Memphis, Tennessee and at all times relevant a Code Enforcement Officer and agent with Shelby County. Upon information and belief, Defendant Britton can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for service of process. Defendant Britton is being sued in both his official capacity as a Code Enforcement Officer and agent with Shelby County and in his individual capacity for actions or inactions taken by him individually.

21.     Defendant John Does 15-21 were at all times relevant employees or agents of Shelby County in the Code Enforcement office. Upon information and belief, Defendants John Does 15-21 can be found at 6455 Mullins Station Road, Memphis, Tennessee 38134 for purposes of service of process. Defendant John Does 15-21 are being sued in both their official capacities as Code Enforcement Officers or agents of Shelby County and in their individual capacities for actions or inactions taken by them individually.

22. Shelby County and City of Memphis are political subdivisions of the State of Tennessee operating places of employment in Memphis, Shelby County, Tennessee within the jurisdiction and venue of this Court.

23. The City of Memphis and Shelby County and the other Defendants are persons within meaning of 42 U.S.C. §1983.

### IV.  STATEMENT OF THE FACTS

24. On February 2, 2022, Plaintiff Bobby Lusk's brother, Michael, purchased a 2002 GMC Sierra 1500 pickup truck, VIN2 #############62093, from the City of Memphis through its agent, Venture Auctions. Upon information and belief, the City of Memphis become the purported owner of this vehicle through seizure or forfeiture because the vehicle may had earlier been involved in a crime or was the subject of a crime. Plaintiff has documentation showing the lawful purchase of the vehicle from the City of Memphis.

25. On March 3, 2022, Plaintiff's brother signed the vehicle's title over to Plaintiff, who had originally paid for the vehicle when purchased from the City of Memphis.

26. On or about March 16, 2022, upon information and belief, at least two Code Enforcement Officers with Defendant Shelby County, Defendants Simmons and Smith, and several law enforcement officers with Defendant City of Memphis, including Defendants N. Bond and R. Ross, held a meeting at or near the Mullin station about unlawfully and without probable or just cause, raiding Plaintiff's property located at 2739 Frisco Avenue, Memphis, Tennessee the next morning.

27. Notwithstanding the fact that the Defendants did not have any lawful reason to be there, on the morning of March 17, 2022, two Defendant Shelby County code

8

enforcement officers, Defendants Simmons and Smith, went to Plaintiff's property to purportedly take pictures about a false city code violation for having vehicles parking in the backyard of Plaintiff's property on Frisco Avenue.

28.  While in Plaintiff's backyard, at least two Defendant City of Memphis law enforcement officers, Defendants Bond and Ross, as well as others, suddenly appeared with the other Shelby County Defendants and started asking Plaintiff questions about his truck, a 2002 GMC Sierra 1500, and inquiring about its VIN number.

29.  Plaintiff responded that this vehicle had recently been purchased from the City of Memphis impound at the car auction. Plaintiff offered to go get the paperwork and documentation proving that he lawfully purchased it and owned it.

30.  Defendants, however, refused to listen to Plaintiff or allow Plaintiff to show them his documentation and proof of ownership. Instead, Defendants arrested Plaintiff without any explanation and without a legal reason. Defendants took Plaintiff to 201 Poplar Avenue where Plaintiff stayed there incarcerated for about 40 hours.

31.  Defendants then had Plaintiff's truck, the 2002 GMC Sierra 1500, and seized it by taking it off of Plaintiff's property to Defendant City of Memphis Impound lot.

32.  Late on March 18, 2022, Plaintiff was finally released from jail.

33.  On April 1, 2022, Defendant Shelby County served an arrest warrant on Plaintiff for theft of property up to $10,000 and Defendants arrest Plaintiff again. This warrant was dealing with the same vehicle that Defendants seized on March 17th. Plaintiff had to post bail in order to be released from jail.

34.  On May 5, 2022, Plaintiff's charges were dropped after Plaintiff's criminal defense attorney provided documentation showing that the same vehicle had been lawfully

9

and rightfully purchased from Defendant City of Memphis impound through Venture Auctions.

35. Notwithstanding the false charges, false arrest, false imprisonment, and wrongful seizure, Defendants refused to return the subject 2002 GMC Sierra 1500 truck back to Plaintiff.

## V. CAUSES OF ACTION

### VIOLATIONS OF DUE PROCESS AND EQUAL PROTECTION UNDER 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

36. Plaintiff adopts and incorporates herein paragraphs 1-27 of this Complaint.

37. Upon information and belief, there is pattern or practice of Defendants reclaiming vehicles purchased from Defendant City of Memphis impound by falsely accusing purchasers of theft and seizing their vehicles. As a part of this custom or practice, Defendants would falsely charge, arrest, and imprison the lawful owners of the vehicles.

38. Defendants City of Memphis and Shelby County knew or should have known by the exercise of due diligence of the involuntary and unreasonable taking of life, liberty, and property by the other Defendants and its employees/agents, including, but not limited to, John Does 5-10 and John Does 15-21.

39. Plaintiff has a clearly established right to be free from involuntary and unreasonable taking of life, liberty, and property by Defendants, all of whom are governmental officials. Defendants Simmons, Smith, Ross, Bond, Jamison, O'Brien, Gault, Dunn, John Does 5-10 and John Does 15-21 were governmental officials at the time of this illegal, involuntary, and unreasonable taking of life, liberty, and property, and these Defendants were in the scope and course of their employment with Defendants City of

10

Memphis and Shelby County and were acting under color of law (statutes, ordinances, regulations, customs and usages of Defendants City of Memphis and Shelby County) when they committed these acts of false arrest, false charges, false imprisonment, and wrongful seizure.

40. All Defendants knew or should have known that the involuntary and unreasonable taking of life, liberty, and property as set forth above was unlawful and objectively unreasonable.

41. The actions of Defendants, jointly and severally, deprived Plaintiff of federally protected civil rights under the 4th and 14th Amendment to the United States Constitution and under 42 U.S.C. §1983.

42. The concerted and intentional conduct of Defendants in involuntarily and unreasonably taking of life, liberty, and property as set forth above was done under color of law and violated Plaintiff's rights protected by the Fourth and Fourteenth Amendment to the U.S. Constitution.

43. The conduct of all Defendants as described above deprived Plaintiff of his right to be secure in his person and property against unreasonable seizures, his right to not be deprived of liberty without due process of law, and his right to be accorded the equal protection of the laws, guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution.

44. As previously stated, Defendants City of Memphis and Shelby County knew, or should have known by the exercise due diligence, of Defendants Simmons, Smith, Ross, Bond, Dunn, John Does 5-10 and John Does 15-21 potential for repeatedly engaging

in false charges, false arrest, false imprisonment, and wrongful seizure as there appears to have been occurring in the past.

45. Such policy and deliberate indifference was the moving force and proximate cause behind the constitutional violations and damages complained of herein by Plaintiff.

## VI. DAMAGES

46. As a direct and proximate result of the actions of Defendants, Plaintiff suffered the following injury and damages:

 (a) Loss of personal freedom and liberty through false charges, false arrest, and false imprisonment;

 (b) Loss of the use of and enjoyment of his property, the 2002 GMC Sierra 1500 truck;

 (c) Pecuniary damages in the costs of legal fees to defend the false charges;

 (d) Lusk suffered embarrassment, mental anguish and emotional distress, among other things.

47. Plaintiff is also entitled to compensatory damages, as well as punitive damages, for Defendants' intentional misconduct as described above. 42 U.S.C. §1981a.

## VII. PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff Lusk requests that, after a trial by jury, the Court enter a judgment against Defendants and for Plaintiff for violation of Plaintiff's Constitutional rights and awarding Plaintiff the following relief:

 a) Compensatory damages for loss of life, liberty, and use of property, loss of value and use of property, emotional distress and mental anguish, and pecuniary losses as a result of Defendants' wrongful conduct as described herein;

12

b) Punitive damages in an amount to be proven at trial;

c) Pre-judgment and post-judgment interest;

d) Reasonable attorney fees, expert witness fees, and costs;

e) Injunctive relief in the form of an order returning the subject vehicle, the 2002 GMC Sierra 1500 to Plaintiff Lusk;

f) Injunctive relief in the form of an order directing Defendant City of Memphis to implement new policies and practices to prevent similar incidents of falsely arresting persons and wrongfully seizure vehicles that have been lawfully purchased from the City of Memphis impound lot; and,

g) Such other general and specific relief to which Plaintiff is entitled.

Respectfully submitted,

Bobby Lusk, Pro Se Plaintiff
2739 Frisco Avenue
Memphis, Tennessee 38114

### CERTIFICATE OF SERVICE

I, Bobby Lusk, hereby certify that on  5-1-24 , 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon each party registered on the CM/ECF system in this action. And via U.S. Mail to the following:

Bobby Lusk

13