IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BOBBY LUSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-02148-SHL-atc |
| | ) | |
| THE CITY OF MEMPHIS, SHELBY | ) | |
| COUNTY, CHRIS SIMMONS, ANTOINE | ) | |
| SMITH, R. ROSS, N. BOND, JERMAINE | ) | |
| JAMISON, GARRETT O'BRIEN, DUSTIN | ) | |
| GAULT, JOHN DOES 4–10, individually | ) | |
| and in their official capacities as City of | ) | |
| Memphis Law Enforcement Officers, and | ) | |
| ERIC BUSH, WILLIE ROBERSON, JULIAN | ) | |
| PETTIGREW, ROBERT BRITTON, AND | ) | |
| JOHN DOES 15–21 individually and in their | ) | |
| official capacities as Shelby County Code | ) | |
| Enforcement Officers, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY OF MEMPHIS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Before the Court is Defendant City of Memphis's (the "City") Motion to Dismiss Plaintiff's Second Amended Complaint, filed May 22, 2024. (ECF No. 53.) Plaintiff Bobby Lusk responded on November 15, 2024. (ECF No. 73.)[1] The City filed its reply on November 25, 2024. (ECF No. 79.) For the reasons stated below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Lusk, who filed the lawsuit pro se, retained counsel on November 15, 2024. (ECF No. 71.) He was granted an extension of time to respond to the Motion after previously having been ordered to show cause as to why he had missed his deadline to do so. (See ECF No. 69.)

## BACKGROUND[2]

On February 2, 2022, Lusk's brother, Michael, purchased a 2002 GMC Sierra 1500 pickup (the "Pickup") from the City of Memphis through its agent, Venture Auctions. (ECF No. 50 at PageID 238.) Lusk has documents that demonstrate the vehicle was lawfully purchased. (Id.) Lusk's brother signed the Pickup's title over to him on March 3, 2022. (Id.)

On March 16, 2022, at least two Shelby County Code Enforcement Officers and several City of Memphis law enforcement officers met to discuss raiding Lusk's property at 2739 Frisco Avenue in Memphis. (Id.) The next day, two Code Enforcement Officers went to Lusk's property to purportedly take pictures of a city code violation related to vehicles being parked in the backyard of his Frisco Avenue property. (Id. at PageID 238–39.) Officers from the City of Memphis, including Defendants R. Ross and N. Bond, appeared soon after and started asking Lusk questions about the Pickup. (Id. at PageID 239.)

Lusk explained that the Pickup had recently been purchased from the City of Memphis impound through an auction, and offered to get the paperwork and documentation to support his assertion. (Id.) Instead of allowing Lusk to retrieve the paperwork, the police arrested him and took him to jail, where he was incarcerated for forty hours until his release on March 18. (Id.) In the meantime, Defendants seized the Pickup and took it to the City of Memphis's impound lot. (Id.) On April 1, 2022, Shelby County served an arrest warrant on Lusk for theft of property up to $10,000 related to his alleged theft of the Pickup, arrested him, and took him back to jail, where he posted bail. (Id.) On May 5, 2022, the charges against Lusk were dropped after his attorney provided documentation that the Pickup had been lawfully and rightfully purchased

---

[2] The facts are taken from Plaintiff's Second Amended Complaint (ECF No. 50), and are accepted as true for purposes of ruling on this Motion.

from the City of Memphis impound through Venture Auctions. (Id. at PageID 239–40.) The Pickup was never returned to Lusk. (Id. at PageID 240.)

Lusk's Second Amended Complaint alleges claims under 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments. (Id. at PageID 240, 241.)[3] He alleges that Defendants have a pattern or practice of reclaiming vehicles purchased from the City of Memphis's impound lot by falsely accusing purchasers of theft and then seizing their vehicles. (Id. at PageID 240.) According to Lusk, as part of the custom or practice, Defendants would falsely charge, arrest, and imprison the lawful owners of the vehicles. (Id.) He asserts constitutional violations in that he has a clearly established right to be free from an involuntary and unreasonable taking of life, liberty, and property, and that the Defendants should have known their actions were objectively unreasonable. (Id.) He alleges that Defendants were governmental officials acting in the scope of their employment and were acting under color of law when they committed "acts of false arrest, false charges, false imprisonment, and wrongful seizure." (Id. at PageID 240–41.) Ultimately, Lusk alleges that the City's "policy and deliberate indifference was the moving force and proximate cause behind the constitutional violations and damages" he suffered. (Id. at PageID 242.)

In its Motion to Dismiss, the City of Memphis argues that Lusk fails to state a § 1983 claim because he has not alleged that a policy or custom is responsible for the alleged constitutional violations. Therefore, he fails to state a claim upon which relief can be granted. (ECF No. 53-1 at PageID 268.)

---

[3] In his response to the City's Motion, Lusk acknowledges that, to the extent his amended complaint asserted claims for violations of the Tennessee Governmental Tort Liability Act or for punitive damages, those claims are unavailable to him. (ECF No. 73-1 at PageID 358–59.)

## ANALYSIS

**I.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (citing Twombly, 550 U.S. at 555, 557). When considering a 12(b)(6) motion, courts must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

**II.   Stating a Claim Under § 1983**

Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

"Section 1983 is not an independent source of constitutional rights. Instead, it operates as a vehicle to assert violations of other constitutional rights." Cabaniss v. City of Riverside, 231 F. App'x 407, 412 (6th Cir. 2007) (citing Graham v. Connor, 490 U.S. 386, 393–94 (1989)). So, "to

4

bring a § 1983 claim, a plaintiff must begin by identifying a violation of an existing constitutional right." Id. (citing Waters v. City of Morristown, 242 F.3d 353, 358–59 (6th Cir. 2001)). Then, the plaintiff must "show that the right was violated by state actors who were acting under the color of state law." Id. (citing Waters, 242 F.3d at 359).

A municipality may only be liable in a § 1983 suit if the plaintiff can show the challenged action occurred pursuant to an officially executed policy or toleration of a custom that leads to, causes, or results in the deprivation of a constitutionally protected right. Doe v. Claiborne Cnty., Tennessee, 103 F.3d 495, 507 (6th Cir. 1996) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691 (1978)). A plaintiff generally has four ways to demonstrate an unlawful policy or custom: "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." Spears v. Ruth, 589 F.3d 249, 256 (6th Cir. 2009) (quoting Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005)).

Lusk bases his claims against the City on an "inaction theory," in other words, that the City has a policy of tolerating federal rights violations that are "unwritten but nevertheless entrenched." Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005) (citing Doe, 103 F.3d at 507). Under that theory, Lusk must show:

> (1) the existence of a clear and persistent pattern of illegal activity; (2) notice or constructive notice on the part of the defendant; (3) the defendant's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation.

Id. (citing Doe, 103 F.3d at 508) (cleaned up).

5

The City broadly asserts that Lusk has failed to state a claim under § 1983 because he has failed to point to any City custom or policy that resulted in the alleged constitutional infringements. The City argues that Lusk's "Complaint is devoid of any mention of a City custom or policy that may have led to the § 1983 violation," and that his failure to do so "is fatal to [his] claim against the City." (ECF No. 53-1 at PageID 271.) However, that argument ignores the plain language of the Second Amended Complaint, which alleges that it was the City's "<u>policy</u> and deliberate indifference" that was the "moving force and proximate cause behind the constitutional violations and damages" he suffered. (ECF No. 50 at PageID 242) (emphasis added). Earlier in the Second Amended Complaint, Lusk also alleges that "there is pattern or practice of Defendants reclaiming vehicles purchased from Defendant City of Memphis impound by falsely accusing purchasers of theft and seizing their vehicles. As a part of this <u>custom or practice</u>, Defendants would falsely charge, arrest, and imprison the lawful owners of the vehicles." (<u>Id.</u> at PageID 240.) (emphasis added).

While the City offers a footnote citing the "custom or practice" language Lusk uses, it appears to assert that Lusk's failure to use the phrase "policy or custom" is fatal to his claim. (ECF No. 53-1 at PageID 272 n.3.) But the City does not cite to any cases that demand the sort of talismanic recitation of "policy or custom," together as a disjunctive phrase, in order to state a claim under § 1983. Indeed, that approach would fly in the face of the liberal pleading standard and undermine <u>Monell</u>'s directive that liability attaches "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983." <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978).

The City's argument that Lusk's failure to allege other specific incidents of constitutional infringements warrants dismissal of his claims is also unpersuasive.  In asserting that all of Lusk's claims should be dismissed, the City relies on the proposition that "[a]llegations of a single incident, coupled with conclusory allegations do not 'give rise to liability for municipalities.'"  (ECF No. 53-1 at PageID 270 (quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985).)

As a general assertion of the law, the City is correct.  But Tuttle, and all but one of the cases the City relies upon, are procedurally distinguishable from this one.  In Tuttle, the Supreme Court reversed the appellate court's decision that "a single incident of unconstitutional activity by a police officer could suffice to establish municipal liability." 471 U.S. at 814.  The decision in Tuttle was based on a jury's finding, after trial, that a municipality was liable.  Similarly, in McGautha v. Jackson Cnty., Mo., Collections Dep't, the court determined that it was proper to provide the jury with the instruction that "[p]roof of a single incident of unconstitutional activity is insufficient to establish a custom or practice." 36 F.3d 53, 55 (8th Cir. 1994).  The same is true for Morgan v. City of Marmaduke, Ark., where the court, considering a jury verdict, explained that the plaintiff "has not pointed to any evidence in the record that even raises an inference that [the] actions were the result of a policy or custom." 958 F.2d 207, 211 (8th Cir. 1992).  Finally, the court in St. Hilaire v. City of Laconia granted summary judgment on a fully formed record, determining that "[o]ther than this single incident, there is no evidence even proffered to show such a municipal 'custom and usage.'" 71 F.3d 20 (1st Cir. 1995).  None of these cases were decided on a motion to dismiss.

The lone case that the City relies on at a similar procedural stage is also distinguishable. In Birgs v. City of Memphis, 686 F. Supp. 2d 776 (W.D. Tenn. 2010), the court determined that

7

the plaintiff's claim for failure to train under § 1983 merely contained "a formulaic recitation of the elements of [the] cause of action." Id. at 780. To be sure, Lusk's Second Amended Complaint includes a recitation of the elements of his causes of action, but it also includes facts that, when taken as true, as they must be at the motion to dismiss stage, allege that the City had a custom or practice whereby it, among other things, "reclaim[ed] vehicles purchased from Defendant City of Memphis impound by falsely accusing purchasers of theft and seizing their vehicles. As a part of this custom or practice, Defendants would falsely charge, arrest, and imprison the lawful owners of the vehicles." (ECF No. 50 at PageID 240.)[4] Lusk's Second Amended Complaint also adequately alleges facts that support the elements of an inaction claim. See Thomas, 398 F.3d at 429.

The City's Motion seeks to hold Lusk to a standard requiring him to have evidence to prove his allegations at the pleading stage. This, of course, runs afoul of Rule 8(a)'s requirement that a party must offer "a short and plain statement of the claim showing that the pleader is entitled to relief," and also asks for more than what Twombly and Iqbal require at the pleading stage. The City is on notice of the custom and practice that Lusk is alleging. Its overarching

---

[4] Lusk's response to the Motion also includes references to two other cases from this district, as well as a media report, which involve incidents that are purportedly similar to the actions he complains of in his amended complaint. Typically, courts may only "consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." Gavitt v. Born, 835 F.3d 623, 640 (6th Cir. 2016) (citing Kreipke v. Wayne State Univ., 807 F.3d 768, 774 (6th Cir. 2015)). However, "[t]he Court may . . . take judicial notice of a party's submission of public records." Tulis v. Orange, 686 F. Supp. 3d 701, 713 (M.D. Tenn. 2023), aff'd, No. 23-5804, 2024 WL 4117021 (6th Cir. Aug. 19, 2024). Lusk acknowledges that there were no references to any of these matters in any of his complaints. The media report falls outside of the scope of the type of document that the Court can take judicial notice of, and the cases Lusk cites are of dubious timing and relevance. Ultimately, however, it is unnecessary to consider any of those materials in order to resolve the Motion to Dismiss.

8

argument that Lusk's Second Amended Complaint should be dismissed on these grounds is unavailing.

Finding that Lusk has sufficiently plead that the City has a custom or practice of falsely charging, arresting, and imprisoning the lawful owners of vehicles previously purchased from the City's auctions, the Court turns to whether he states a claim as to each alleged constitutional infringement.

    A.  Fourth Amendment

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause" and individuals have a right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The City maintains that it "cannot be held liable for an alleged search, seizure, or deprivation caused by its employees without an allegation that a municipal policy or custom led to the employee's behavior which led to the constitutional violation." (ECF No. 53-1 at PageID 273.)

Having found that a custom or policy has been alleged, the question is whether Lusk has sufficiently alleged unlawful search and seizure under the Fourth Amendment. The Court finds that he has. Although at times inartfully pled, Lusk appears to assert that the City engaged in an unlawful search of his property, including of the Pickup that his brother lawfully purchased at a City auction, which then gave way to an unlawful seizure that resulted in him spending forty hours in jail for being in possession of a vehicle that lawfully belonged to him, before being arrested again later for the same alleged crime. Moreover, Lusk alleges that, although the charges were eventually dropped against him after he provided documentation that the Pickup was lawfully his, Defendants have refused to return the Pickup to him. Viewing the allegations

9

in a light most favorable to Lusk, he has sufficiently alleged claims for unlawful search and seizure. The City's Motion to Dismiss the Fourth Amendment claim is therefore **DENIED**.

B.  Due Process under the Fourteenth Amendment

The Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]." U.S. Const. amend XIV. "Substantive due process is [t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed." Johnson v. City of Saginaw, Michigan, 980 F.3d 497, 513 (6th Cir. 2020) (quoting Range v. Douglas, 763 F.3d 573, 588 (6th Cir. 2014) (internal quotations omitted)). Ultimately, "a substantive due process violation occurs when arbitrary and capricious government action deprives an individual of a constitutionally protected property interest." Warren v. City of Athens, Ohio, 411 F.3d 697, 707 (6th Cir. 2005). "Proving a violation of substantive due process requires not only that the challenged state action was arbitrary and capricious, but also that the plaintiff has a constitutionally protected property or liberty interest." Johnson, 980 F.3d at 513 (quoting Andreano v. City of Westlake, 136 F. App'x 865, 870–71 (6th Cir. 2005)).

The City argues that, "[a]lthough Plaintiff attempts to present that this is a federal case pursuant to the Fourteenth Amendment to the Constitution, in reality, and giving Plaintiff the benefit of the doubt, this is nothing more than a tort case." (ECF No. 53-1 at PageID 274.) The City asserts that Plaintiff's "substantive due process claim is predicated on an alleged search and seizure that resulted in his arrest," but that such a claim cannot be sustained because "the City is immune from tort liability for actions committed by its officers unless there is a policy or custom that is responsible for the alleged constitutional violation." (Id.)

10

"There are various contexts in which courts have found that substantive due process is violated—including that the action was willful and unreasoning, shocks the conscience, was extremely irrational, or lacks some factual basis." Johnson, 980 F.3d at 513 (citations omitted) (cleaned up).  Lusk alleges that he had both a protected property and liberty interest that the City violated when it seized the Pickup and jailed him.  And, at the very least, he sufficiently alleges that the City's conduct in doing so lacked a factual basis.  Seizing property while its owner is offering to provide evidence that the property is, in fact, his, as Lusk alleges the City did in this case, is the sort of arbitrary and capricious government action that, supported with proof, can constitute a Substantive Due Process violation.  The City's Motion to Dismiss Lusk's Substantive Due Process claim is therefore **DENIED**.

    C.  Equal Protection under the Fourteenth Amendment

The Equal Protection Clause of the Fourteenth Amendment directs that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  Establishing an equal protection violation requires a plaintiff to show that defendants "have burdened a fundamental right, which he was exercising, targeted a suspect class, of which he is a part, or treated him any differently than others similarly situated without any rational basis."  Radvansky v. City of Olmsted Falls, 395 F.3d 291, 313 (6th Cir. 2005).

The City asserts that Lusk's Second Amended Complaint is "devoid of any assertions of discrimination by government" that would support an Equal Protection claim.  (ECF No. 53-1 at PageID 276.)  Lusk counters that he states in his Second Amended Complaint that he is a black man, and "[b]y virtue of logical inference, [he] has articulated that Defendant City of Memphis' conduct in targeting him as a black man establishes his equal protection claim because racial

11

identity is a recognized suspect class for the purpose of equal protection under the law." (ECF No. 73-1 at PageID 358 (citing Regents of Univ. of Cal. v. Bakke, 438 U.S. 265, 291 (1978)).

However, Lusk's Second Amended Complaint is bereft of any suggestion that the actions the City took against him were based on his race, or, more broadly, that the City has a custom or policy of targeting black people by falsely charging, arresting, and imprisoning the lawful owners of vehicles. Beyond declaring he is black, Lusk offers no additional factual support that indicates he or others have been targeted because of their race. The limited allegation that he is black is insufficient to state an equal protection claim, as it lacks the requisite factual content that would allow the Court to draw the reasonable inference that that the City is liable for this equal protection violation. See Iqbal, 556 U.S. at 678. Merely stating that one is a member of a suspect class when asserting a claim under § 1983 is not enough to allege an equal protection claim, even at the motion to dismiss stage.

Accordingly, the City's motion to dismiss Lusk's equal protection claim is **GRANTED**.

## CONCLUSION

Based on the foregoing, the City's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Lusk's claims under the Fourth Amendment and his claims for Due Process violations under the Fourteenth Amendment are what remains from his Second Amended Complaint. All other causes of action in the Second Amended Complaint are **DISMISSED**.

**IT IS SO ORDERED,** this 11th day of February, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE